125

FRANCES H. HERDER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 18, 1981.*

FRANCES H. HERDER, *pro se,* for Claimant.

WILLIAM J. SCOTT, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim involves section 6 of Article XXXIII of Collective Bargaining Agreement, RC-14 effective July 1, 1977, to June 30, 1979, which reads, in part, as follows:

"Effective December 1, 1976, any bargaining unit employee in step 5 or 6 with 12 or more months creditable service as that term is defined in the Pay Plan, shall be advanced to the next higher step and the employee shall be given new creditable service date of 12/1/76."

Claimant is claiming back pay for a one step differential for hours worked prior to July 1, 1977, and for which remuneration has already been received at the lower step pay schedule.

The problem arises in that the provision in question (section 6 of Article XXXIII of RC-14) calls for a December 1976 effective date for the advancement of the employee to the next higher step. This move would presumptively, at least, infer that the employee should also be given a one step raise effective December 1, 1976. The problem with this presumption is that the RC-14 contract became effective on July 1, 1977, and to go back to December 1, 1976, for a pay increase would be providing employees with retroactive pay increases con-

trary to paragraph 145 of chapter 127, which reads, in part, as follows:

"Amounts paid from appropriations for personal service of any officer or employee of the State, ° ° ° shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid ° ° ° which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made, except that wage payments made pursuant to the application of the prevailing rate principle *or based upon the effective date of a collective bargaining agreement between the State, or a State agency and an employee group shall not be construed as an additional payment for work already performed.*" (Emphasis added)

It should be noted that one of the exceptions to the retroactive back pay prohibition of paragraph 145 has to do with increase in salary "based on the effective date of the Collective Bargaining Agreements".

Section 6 of the Collective Bargaining Agreement reads contrary to the prohibition contained in paragraph 145 of chapter 127, inasmuch as any attempt to provide for retroactive salary prior to the effective date of the Collective Bargaining Agreement would violate the prohibition.

Therefore, any claim for back pay prior to July 1, 1977, is contrary to law, and this portion of the contract, insofar as any back salary is concerned, is null and void and this claim is denied.